# Fricker, Appellant, *v.* Philadelphia Rapid Transit Company.

*Negligence—Automobiles—Contributory negligence—Case for jury.*

In an action against an owner of an automobile by a motor-
cyclist to recover damages for personal injuries, the question of
defendant's negligence and plaintiff's contributory negligence is
for the jury, where the evidence tends to show that plaintiff turned
from a small street at a slow pace into a wide street, and keeping
on the proper side of the latter street for a distance estimated from
ten to twenty-five feet was struck on the leg by the front wheel
and fender of the automobile, that the plaintiff did not see the
automobile before it struck him as his attention was fixed on
children playing near, and that the chauffeur was looking away

from plaintiff "across the street" although it was not shown that the automobile was run at an undue rate of speed.

Even where an automobile is not run at a high speed, the chauffeur may be guilty of negligence through incompetency, inattention or mistake in judgment.

Argued Nov. 23, 1915.  Appeal, No. 137, Oct. T., 1915, by plaintiffs, from judgment of C. P. No. 5, Philadelphia Co., March T., 1913, No. 5097, for defendant non obstante veredicto in case of Harry J. Fricker by his next friend and father, Charles Fricker, and Charles Fricker in his own right, v. Philadelphia Rapid Transit Company.  Before RICE, P. J., ORLADY, HEAD, PORTER, KEPHART and TREXLER, JJ.  Reversed.

Trespass to recover damages for personal injuries. Before RALSTON, J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdicts for plaintiffs for $545 and $455 respectively. Judgment was subsequently entered for the defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*William B. Gery,* with him *John J. Rahilly,* for appellants, cited: Lewis v. Wood, 247 Pa. 545.

*Ruby R. Vale,* for appellee, cited: Henson v. Arthur, 217 Pa. 156; Mellet v. Reading Transit Co., 55 Pa. Superior Ct. 465.

OPINION BY HEAD, J., July 18, 1916:

The plaintiff, Harry J. Fricker, seeks to recover in this action compensation for personal injuries alleged to have resulted from the negligent act of the defendant. At the conclusion of the trial the learned judge submitted to the jury, in a charge of which the defendant

can make no complaint, the questions of the defendant's negligence and the plaintiff's contributory negligence. Their verdict was in favor of the plaintiffs. Thereafter the court entered a judgment n. o. v. in favor of the defendant and the plaintiffs appeal. In such a case we must take the evidence produced by the plaintiff as true and give to him the benefit of every fact supported by such testimony and every favorable inference that may be fairly drawn therefrom. To determine whether or not the action of the learned court below was correct, we need not at all consider the testimony offered by the defendant or advert to the points at which it conflicts with the testimony of the plaintiffs and their witnesses.

That there was a collision of an automobile driven by an employee of the defendant and the motorcycle on which the plaintiff was riding is not a matter in dispute. The exact location at which the collision occurred becomes a question of considerable, if not controlling importance. Waterloo street, in the City of Philadelphia, is a narrow street running north and south. Lehigh avenue is a wide street running east and west intersecting Waterloo street at right angles. Street cars are operated both east and west on the avenue. The plaintiff was riding a motorcycle going north on Waterloo street, intending to turn east on the avenue. An electric automobile, operated by the defendant's servant, was moving east on the same avenue. A number of small children from a nearby institution had gathered at the intersection of the street and avenue where they were loitering or playing. As the plaintiff approached the avenue under these conditions he shut off his engine, and, as he expresses it, drifted slowly around the corner. He kept close to the curb line and continued to move eastward until he had covered a distance varying, according to the testimony of himself and his witnesses, from ten to twenty-five feet. At that point he was struck on the left leg by the front wheel and fender of the defendant's automobile and the injuries of which he complained re-

sulted.   A witness, Taylor, testifies he had a clear view
of the accident.   When asked to locate the point at which
it happened, he fixed it at twenty or twenty-five feet, in
his judgment, east of the intersection of the two streets.
Another witness, who was also in a position where he
had an unobstructed view of the collision, fixed the dis-
tance at ten to twelve feet, and this corresponded with the
opinion of the plaintiff himself.   The plaintiff had not
observed the automobile until it struck him.   Could the
court below, from this fact, properly determine, as a mat-
ter of law, he had been guilty of contributory negligence?
We think not.

It is fair to presume that in making the turn at the
corner his attention would be, to a very considerable ex-
tent at least, centered on the group of small children for
whose safety he was obliged to be cautious.   At all
events, if we accept the testimony to which we have re-
ferred, the plaintiff was fairly installed on Lehigh avenue
and on the portion of that street where he had a perfect
right to be.   The street was of ample width to permit the
automobile, if carefully operated, to pass him without
even coming close to him.   The witness Taylor testifies
the man driving the automobile "was looking across the
street at something, I do not know what, but anyhow he
smashes into this fellow (meaning the plaintiff)."   It is
to be observed the automobile did not come squarely be-
hind the motorcycle and strike it in the rear.   The colli-
sion, as stated, was with the front wheel and mud guard
of the automobile which struck the plaintiff on his left
leg.   Had the driver of the car intended to pass the
plaintiff and move in just ahead of him keeping near the
curb line, but unfortunately miscalculated the space be-
tween him and the plaintiff, the accident might have oc-
curred just in the manner described by the plaintiff and
his witnesses.   As we have said, if we accept the testi-
mony of these witnesses, as the jury had a right to do, we
can see no warrant for a determination by the trial court,

as a matter of law, that the plaintiff had been guilty of contributory negligence.

But it is argued that even if this be true, the plaintiff has failed to establish any negligence on the part of the defendant because it is not shown by any satisfactory evidence that the car was running rapidly. It does not follow, however, that even if the car were running at a moderate rate of speed, its driver, through incompetency, inattention, or a mistake in judgment, might not be charged with negligence and become legally responsible for injuries to another resulting from his management of the car. The circumstances of the case were unusual, and, in our judgment, the questions of the defendant's alleged lack of reasonable care and of the plaintiff's contributory negligence should have been submitted to the jury under proper instructions from the trial judge. As there is no complaint of the manner of the submission the learned court fell into error in denying to the plaintiffs the benefit of their verdicts.

The judgment is reversed and the record remitted to the court below with direction to enter judgment in favor of the plaintiffs on the verdict.